FILED
2025 Jul-26 AM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOEL A. RIVERA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TRIAD PROPERTIES CORPORATION, *et al.*,<br><br>Defendants. | Case No.: 2:24-cv-01802-AMM |

**BURRILL WATKINS LLC'S RESPONSE TO SHOW CAUSE ORDER**

COME NOW the undersigned, Hannah Eckel and William M. Delahay, attorneys for the Plaintiffs, and file this Response to the Show Cause Order (Doc 51) on behalf of Burrill Watkins LLC (hereinafter referred to as "the Firm") to address those issues highlighted by the Court. The Firm fully acknowledges that it is the subject of the Court's inquiry and approaches this matter with seriousness and humility. The Firm's overriding concern is that the Plaintiffs—who remain entirely innocent and blameless—should not be prejudiced by the present circumstances. Their claims deserve adjudication on the merits, unaffected by procedural complications beyond their control. The Firm is also mindful that trust, transparency, and confidence are central to the Plaintiffs' underlying claims, and we regret any perception that these values have been compromised. The undersigned further assure the Court of their commitment to full candor, cooperation, and remediation. Counsel would also like to take this opportunity to apologize to the Court, the Defendants, opposing counsel, and, most importantly, to our clients for the burden imposed by this unfortunate situation. The Firm has taken decisive action and continues to take

determinative steps to address and correct the issues at hand, as will be demonstrated in the forgoing.

**Discovery of the True Nature and Status of the Case**

1. The heart of this issue is the question of when the Firm and the Plaintiffs—Mr. Joel Rivera and Dulce Rivera, (the latter in her capacity as an agent of Mi Pueblo and hereinafter collectively referred to as the "Plaintiffs" or the "Riveras")—became aware of the true events of this case. The Firm was made fully aware of the underlying facts and circumstances by a third party, specifically Attorney A. Colin Wexler, on July 10, 2025, of the Defendants' Motions for Sanctions and Motions for Attorneys' Fees. (Ex. A at 10).
2. On July 12, 2025, as soon as was practicable, the Firm notified the Plaintiffs that prior counsel's June 25, 2025, representations—both to the Plaintiffs and to the Firm—were incomplete and inaccurately reflected the true nature of the circumstances. (Ex. A at 12; Dulce Rivera Decl. ¶ 5). The Firm advised the Riveras that the issues with prior counsel's filings were significantly more serious than previously understood. *Id.*
3. The Plaintiffs responded on July 13, 2025, that they were very concerned about the situation and directed that prior counsel be replaced with new representation from the Firm. (Dulce Rivera Decl. ¶ 7; Ex. A at 17). On July 14, 2025, prior counsel was removed from the Firm. (Joshua Burrill Decl. ¶ 8).
4. On July 18, 2025, when it appeared that previous counsel was still prepared to participate in the case after being removed by the Firm, the Plaintiffs instructed the Firm to send prior counsel a cease-and-desist letter demanding that he discontinue all representation and communications with the Plaintiffs and their agents immediately.

(Ex. A at 23-24). Prior counsel's only response to the cease-and-desist letter consisted of communications stating that he had been instructed to assist in the transition of clients based on his conversations with the General Counsel of the state bar. (Ex. A at 25).

5. Upon learning the full reality of the status of the case, the Firm took immediate action to remove prior counsel not only from the case, but also from the Firm as an attorney and partner. (*See* Exs. B and C).

**Plaintiffs' Actions upon Prior Counsel's Departure**

6. Following prior counsel's removal from the Firm, it was determined that an internal investigation was necessary to serve the Plaintiffs, ensure full transparency, and prevent recurrence of such issues.
7. In furtherance of that effort, the Firm hired William M. Delahay as an associate attorney on July 16, 2025, to assist Attorney Eckel in determining the sequence of events that led to the present status of the Plaintiffs' case. Counsel engaged in a comprehensive review of prior counsel's management of the litigation, case file, and communications.
8. Both Attorney Eckel and Attorney Delahay attest that what follows is a true, accurate, and detailed accounting of their findings. (*See* Decl. of Hannah Eckel & Decl. William Delahay).

**Findings of the Investigation.**

9. On October 23, 2024, the Riveras engaged Burrill Watkins LLC to represent them in the present matter.

10. While the complaint was in the planning stage, Joshua Burrill provided his insight into strategy and potential claims to pursue but left the final determination to prior counsel. (Joshua Burrill Decl. ¶ 5).

11. After the initial filing in Shelby County Circuit Court, and removal to federal court, the case continued apace until May 2-3, 2025, when the filings at issue, along with the *ex parte* communication took place. (Doc. 51).

12. After reviewing all internal communications between prior counsel and members of the Firm, as well as those between prior counsel and the clients, Attorneys Eckel and Delahay determined that at no point between May 2, 2025 and the Show Cause Hearing on June 18, 2025, did prior counsel inform the Plaintiffs or the Firm of the series of errors that occurred in the late evening and early morning of May 2, 2025 and May 3, 2025. Furthermore, Attorneys Eckel and Delahay determined that at no point between during the aforementioned time period, were the Plaintiffs and Firm made aware that the June 18, 2025, Show Cause Hearing was scheduled or had taken place and that the Burrill Watkins LLC was ordered to attend.

13. Following the incidents on May 2-3, 2025, prior counsel exchanged messages with Joshua Burrill, during which Attorney Burrill asked for status updates, yet no mention was made of the incidents of May 2-3, 2025. (Ex. D at 2-4).

14. On June 17, 2025, prior counsel informed Joshua Burrill that he had a court appearance the next day; however, the only appearance on prior counsel's calendar was a hearing in an unrelated case. (Ex. E; Sarah Woodward Decl. ¶¶ 3-4).

15. Counsel draws the Court's attention to the fact that there is an event titled "Follow Up-Conf.," with no attached client or case number, set to begin at 11:00 A.M., the same time the Show Cause Hearing had been scheduled. (*See* Ex. E).

16. Upon his return to the office on June 18, 2025, prior counsel revealed to the Firm that there had been a Show Cause Hearing. (*See* Joshua Burrill Decl. ¶ 4). However, prior counsel informed both the Firm and the Plaintiffs that it was a simple misunderstanding based on a filing error and erroneous dates resulting from the use of generative artificial intelligence, making no mention of hallucinatory cases, *ex parte* communication, or that the Firm had also been ordered to Show Cause. (*Id.*; Dulce Rivera Decl. ¶ 4).

17. On the evening of June 18, 2025, prior counsel shared the complete case file with the Firm. (Ex. A at 1). In communications dated June 22, 2025, Joshua Burrill and Senior Paralegal Sarah Woodward discussed that the case file was totally unorganized, did not meet the Firm's standards for file management, and Attorney Burrill asked for it to be organized so they could efficiently review the pleadings. (Ex. A at 2-3).

18. On June 30, 2025, Joshua Burrill emailed prior counsel stating that there needed to be greater transparency between partners going forward and requested updates on several matters, including the Rivera Case. He specifically asked prior counsel to send him the original Show Cause Order and the filings by opposing counsels that prompted it. (Ex. A at 6-8).

19. Prior counsel responded in a separate email on July 6, 2025, while Attorney Burrill was on vacation with his family. (Ex. A at 9). On July 10, 2025, Attorney Wexler forwarded the Motions for Sanctions and the Motions for Attorneys' Fees to Attorney Burrill with a message asking if the Firm had a plan to deal with these motions. (Ex. A at10-11).

20. On the same day and in the days that followed, Attorney Burrill attempted to contact prior counsel to discuss what was happening, but he received no response. (See Ex. D at 6-9; Ex. A at 14).

21. To date, prior counsel has not offered the Firm or the Plaintiffs any explanation for not informing them of the May 2nd and 3rd incidents, the allegations of submitting hallucinatory cases, the Show Cause Order, or the true nature of the proceedings on June 18, 2025.

22. It is the finding of Attorneys Eckel and Delahay that prior counsel's behavior between the events of May 2, 2025, and May 3, 2025, and the present day indicate a concerted effort to conceal the filing errors, *ex parte* communication, submission of hallucinatory cases, and Show Cause hearing from the Plaintiffs and the Firm. He made no effort to put the Plaintiffs or the Firm on notice until the deadlines to respond to the Order to Show Cause and the Show Cause hearing had passed. At that point, the damage had already been done. Even after the Show Cause hearing, prior counsel continued to conceal the whole truth from the Plaintiffs and the Firm. As evidenced by his behavior, prior counsel showed a wanton disregard for any harm he did cause and/or could have caused to the Court, the Plaintiffs, the Defendants, and even the other members and employees of the Firm.

**<u>The Plaintiffs' Face the Ongoing Threat of Harm</u>**

23. Prior counsel has full and sole access to the Firm's domain, and the Riveras rely heavily on email as their primary means of communication with counsel. English is not Mr. Rivera's primary language and, therefore, he feels most comfortable communicating in writing via email. (Joel Rivera Decl. ¶ 5).

a. Without access to the domain, the Firm's ability to ensure secure, reliable, and uninterrupted email communication is compromised. (Jeff Corrington Decl. ¶ 3).

b. This threatens not only the Plaintiffs' ability to stay informed about their case and make timely decisions but also undermines their confidence in the integrity of the attorney-client relationship.

c. Until access to the Domain is preserved, the Riveras remain at risk of missed updates, delayed correspondence, and further disruption in the management of their matter.

## **Analysis**

The Firm does not dispute that the Court has discretionary authority to sanction counsel under Rule 11 of the Federal Rules of Civil Procedure. Any sanctions that the Court may order is authorized through Rule 11(c)(4), which provides that sanctions "must be limited to what suffices to deter repetition of the conduct by others similarly situated." Also, under the Federal Rule of Procedure 11(c)(1), law firms are to be held liable for the actions of their partners, associates, and/or employees absent exceptional circumstances.

The Firm submits the above facts to show that it understands the gravity of the situation and to convey its dedication to self-improvement. The behavior outlined above will never be tolerated at Burrill Watkins LLC. Even prior to this incident, it was the Firm's policy that generative AI tools were to be used solely in a responsible manner and strictly for utility purposes. Furthermore, any substantive assertions derived from such tools were required to be independently verified for accuracy, and no document or content generated entirely by AI was ever to be submitted to any Court. (Joshua Burrill Decl. ¶ 10). Additionally, it has never been, nor would it

ever be, the policy of the Firm to withhold any information in a case from the client. The Firm is firmly committed to developing long term corrective action into its practices.

Attorneys Eckel and Delahay submit this record to underscore that the Plaintiffs have borne the brunt of the harm caused by this situation. Without knowledge of the true nature of the filings at issue or the pending sanctions proceedings, the clients were unable to protect their legal rights or take corrective measures. Additionally, because the Firm was kept ignorant of the situation, it could not advise the Plaintiffs as to any course of action until such time as the damage had already been done. The resulting uncertainty and exposure to potential liability have caused them significant distress and reputational harm, none of which stems from their own conduct.

**WHEREFORE**, for the reasons set forth above, the Plaintiffs respectfully request that this Court:

1. **Acknowledge** the Plaintiffs' complete lack of culpability for the conduct giving rise to the Show Cause Order and decline to punish the Plaintiffs as it would be unfair and not in the interest of justice.

2. **Respectfully**, the Firm requests that the Court consider the full context set forth in this response in evaluating whether sanctions are appropriate. The Firm has acted in good faith and taken diligent steps to resolve the matter.

3. **Grant** such other and further relief as this Court deems just and proper, including but not limited to remedies to secure the Firm's domain.

Respectfully submitted,

/s/William M. Delahay
William M. Delahay

/s/Hannah Eckel
Hannah Eckel

Attorneys for the Plaintiff
Burrill Watkins LLC
1000 Eagle Point Corporate Drive, Suite 3
Birmingham, Alabama 35242
Telephone: 205-701-5536
Email: wmdelahay@burrillwatkins.com
Email: hannah.roberts@burrillwatkins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date of filing a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals, unless such service is waived:

Steve E. Whitehead, Esq.
Sarah G. Redmond, Esq.
Margaret J. Waldrop, Esq.
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
*Attorneys for Defendants TRIAD PROPERTIES CORPORATION, JOSEPH MARION MOSELEY, HUGH FULLER MCCLENDON, and JOHN KENDALL*

Kevin R. Garrison, Esq.
Katelyn K. Dodd, Esq.
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
1901 Sixth Ave N., Ste. 2600
Birmingham, AL 35203
*ATTORNEYS FOR DEFENDANTS JACK FITE AND FITE BUILDING COMPANY, INC.*

Joshua M. Watkins
Josh.M.Watkins@gmail.com
*SERVED IN HIS LIMITED CAPACITY FOR PURPOSES OF POTENTIAL SANCTIONS ONLY*

/s/ Hannah Eckel
Hannah Eckel